# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:05 CV 00167

| | |
|---|---|
| ERIC M. MUNGO, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CONSOLIDATED METCO, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

The parties to this action, through their respective undersigned attorneys, hereby stipulate and agree that certain information, documents, and other discovery materials provided or disclosed by the parties and other persons or entities may contain confidential, proprietary, and/or sensitive personal information. In order to reasonably preserve the confidentiality of such information, and subject to the approval of the Court, the parties to this action stipulate and agree as follows:

1. Plaintiff requested that Defendants produce documents containing confidential proprietary and business information. Some of these records include financial information, methods which may constitute trade secrets, and other confidential proprietary information of both the Defendants, its employees, and other entities and individuals not involved in the present action. Defendants agreed to provide these documents to Plaintiff's counsel subject to this Order. Defendants requested information and documents from Plaintiff which Plaintiff considers to be trade secrets and financial records that contain private information about Plaintiff's personal financial information and/or information about Plaintiff's family, personal

relationships, or other sensitive subjects. Like Defendants, Plaintiff also agreed to produce the records containing this confidential information subject to the terms of this Order. Due to the need to protect the parties' and non-parties' interests in maintaining the confidentiality of the information described in this paragraph, all records containing confidential information of the sort described in this paragraph shall be subject to this Order.

2. Plaintiff has requested that Defendant produce highly confidential personnel and employment information on employees of Defendant other than Plaintiff. All of the information for which Defendant seeks protection is treated as "confidential" within its own organization and is made available only to management-level employees that have a "need to know." Disclosure of such records and/or records to Plaintiff could abridge some individuals' privacy interests, embarrass employees, or may injure Defendant's current relationship(s) with those individuals or upset current and/or former employees whose confidential records are disclosed without their consent. Due to the need to protect the parties' and non-parties' interests in maintaining the confidentiality of the information described in this paragraph, all records containing confidential information of the sort described in this paragraph shall be subject to this Order.

3. Any discovery materials produced by any party or producing person that contain confidential personnel information or proprietary information may be designated as CONFIDENTIAL by prominently stamping or marking the document or item as such. All documents or tangible things designated as CONFIDENTIAL shall be considered confidential information governed by this Consent Protective Order unless the claim of confidentiality is withdrawn by the party or producing person who made it, or overruled by the Court under paragraph 7 below. With respect to multi-page documents that contain confidential information, the party or producing person may make such designation by marking only the first page thereof

as long as such document is securely bound or otherwise is identifiable as a multi-page document. All confidential information shall be used by the receiving party (or parties), its employees, agents, and attorneys solely for the purposes of this lawsuit or any appeal therefrom and for no other purpose or lawsuit at any time and disclosure shall be limited by the terms of this Order. The parties hereby voluntarily submit to the jurisdiction of this Court for purposes of enforcing this Order now and at any time in the future.

4. The inadvertent or unintentional disclosure of documents or other items containing confidential information by a party or producing person without a prior designation of the documents or other items as CONFIDENTIAL shall not be deemed a waiver in whole or in part of the claim of confidentiality and may be cured by subsequent designation of the materials as CONFIDENTIAL information. This may be accomplished by a letter from counsel for the party who produced the records or other items, or by a written request from the nonparty that produced the records or other items, or such nonparty's legal counsel. Following such designation, the information shall be deemed to be subject to the terms of this Consent Protective Order as though designated as CONFIDENTIAL at the time it was produced.

5. Discovery materials marked as CONFIDENTIAL, as provided above, shall be disclosed only to the following persons:

    a. Plaintiff, Defendants, their counsel of record, and any other attorney who is retained by the parties to represent them or to consult in the handling of this action (provided that any such consulting attorney agrees to be bound by the terms of this Order);

    b. Legal assistants and support staff regularly employed by the parties' legal counsel;

    c. The Court and court personnel as necessary;

    d.    Any stenographic reporter engaged for depositions and other proceedings necessary for the conduct of this action;

    e.    The mediator who conducts the mediation of this case;

    f.    Any expert witness retained by the parties whose testimony or assistance necessarily requires that he or she be familiar with information designated as CONFIDENTIAL;

    g.    Any person who was involved in the preparation of the document, a named recipient of the document, or a person who received or had access to the document in the regular course of business; and

    h.    Any person who is the subject of the document or other item or who is referred to as, or otherwise clearly indicated as, the source of the information that the document or other material reports or states.

6. Disclosure of CONFIDENTIAL documents from the parties shall be limited to the persons identified in paragraph 4 above, except that the documents or other items containing such CONFIDENTIAL information shall not be disclosed to any witness other than an expert witness, who is not the author, preparer, recipient, or subject of the document or other record, or who did not regularly have access to such document or record in the regular course of their business. If any such document or record is used as an exhibit in a deposition, or pretrial submission to the Court, it shall be used in a manner consistent with this paragraph. Thus, when presented as an exhibit during depositions, or as an exhibit to an affidavit, the document should be shown only to witnesses to whom disclosure could be made under this paragraph. If the proceeding is a deposition, a party, its counsel, or witness may, by statement on the record or in writing to the other parties or their counsel within 10 days of receipt of the transcript, designate those portions of the deposition which are to be CONFIDENTIAL. If the testimony is being obtained for an affidavit, the exhibit shall be sealed and the parts of the affidavit relative to the exhibit shall not be disclosed other than as provided herein. Similarly, when used to support any

pretrial motion, including motions in limine, the documents or other records subject to this paragraph, and any affidavits or confidential deposition testimony submitted about the documents or records, shall be submitted under seal and clearly marked as confidential material that is subject to this Order. Nothing in this paragraph, however, shall prohibit or restrict use of the documents or records that it covers as trial exhibits, provided that reasonable efforts are taken to prevent unnecessary disclosure outside of that proceeding. This paragraph also shall not prohibit the parties' respective counsel from discussing with the respective parties any events or fact situations that are the subject of the records covered by this paragraph.

7. Where disclosure is permitted by this Order, counsel wishing to disclose any materials designated as CONFIDENTIAL to any witness, expert, or consultant shall provide the witness, expert, or consultant with a copy of this Consent Protective Order and inform that witness, expert, or consultant that they are bound by the terms of this Consent Protective Order.

8. In the event that any party disagrees at any point in these proceedings with the designation by another party or producing person of any information as CONFIDENTIAL, or with any other action intended to limit disclosure of certain documents or information under the terms of this Order, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved in this manner, the party contesting the designation may seek appropriate relief from the Court, and the producing person or party shall have the burden of proving to the Court that the document or information qualifies as CONFIDENTIAL under the terms of this Order. Until this Court enters an order changing or removing the designation, though, the documents shall be treated as CONFIDENTIAL and accorded all protections stated in this Order.

9. Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person, mediator, or court personnel.

10. There shall be no reproduction whatsoever of the material produced as CONFIDENTIAL except as required in this litigation.

11. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further Order of this Court upon motion and notice.

12. By entering into this Order, neither party shall be deemed to have waived its rights to compel or oppose production of any document, thing, or information on any grounds for objection permitted by law.

13. All information, documents, or copies of documents subject to this Order in the possession of the parties, their counsel, their counsel's staff personnel, or consultants shall be returned to the opposing counsel upon the completion of the litigation, including any appeals.

| *For Plaintiff:* | *For Defendant:* |
|---|---|
| s/ Curtis C. Osborne | s/ Benjamin R. Holland |
| Curtis C. Osborne<br>Law Offices of Curtis C. Osborne, P.C.<br>310 Arlington Avenue, Suite 218<br>Charlotte, NC 28203<br>Tel. 704.376.8012 | Benjamin R. Holland<br>OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C.<br>Federal Plaza Building<br>400 West Trade Street<br>Charlotte, NC 28202<br>Tel. 704.342.2588 |

**Signed: December 9, 2005**

_____
David C. Keesler
United States Magistrate Judge