UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV167

| | |
|---|---|
| ERIC M. MUNGO, SR.,<br>    Plaintiff,<br><br>  vs.<br><br>CONSOLIDATED METCO, INC.,<br>    Defendant. | ORDER AND MEMORANDUM |

   This is a civil action for monetary and punitive relief brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, in which pro se Plaintiff Eric Mungo contends that Defendant Consolidated Metco discriminated against him because of his race (African-American) when it terminated his employment. The plaintiff had been employed at the defendant's Seacrest facility, located in Monroe, NC, where he had been assigned since 2002 to the Fifth Wheel production line as its (only) Quality Control Inspector. The plaintiff was terminated in 2004, after Conmet sold its Fifth Wheel product line to the Holland Group, and the terms of the sale agreement required Conmet to terminate the employees that were assigned to the Fifth Wheel production line. Conmet subsequently terminated the thirty-five employees who it determined were directly assigned to the Fifth Wheel product line, including the plaintiff. The plaintiff now alleges that Conmet discriminated against him because the two Caucasian Quality Control Inspectors employed at the Seacrest facility – James Haston, who was assigned machine shop, and Charles Mullis, who was assigned to Hub components – were retained while he was discharged. (Doc. No. 1: Complaint; Doc. No. 2: Amended Complaint).

1

Presently before the Court is the defendant's unopposed motion for summary judgment. (Doc. No. 29).[1] The Court finds that the record, viewed in the light most favorable to the plaintiff, does not reflect any genuine issue of material fact to be tried, and that the defendant is entitled to judgement as a matter of law. Fed. R. Civ. P. 56(c). Therefore, the Court finds that summary judgment is appropriate in this case for the reasons specified in the defendant's motion. The Court specifically notes that even if the plaintiff has made his prima facie case, more is required that a mere showing that the plaintiff is a member of a protected group and was adversely treated. Holder v. City of Raleigh, 867 F.2d 823, 826 (4th Cir. 1989). The plaintiff has failed to demonstrate, or even allege, evidence from which a reasonable trier of fact could conclude that the defendant's articulated non-discriminatory reasons for discharging the plaintiff- that (a) the lay-offs were a condition of the Sale of the Fifth Wheel production line, and (b) Conmet determined that the plaintiff was directly assigned to the production line – are either false or lacking in factual basis. See Hill v. Lockheed Martin Logistics Management, Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc).

**THEREFORE, IT IS HEREBY ORDERED** that the defendant's Motion for Summary Judgment is **GRANTED**, and the plaintiff's case is **DISMISSED WITH PREJUDICE**.

Signed: September 1, 2006

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] On August 3, 2006, a Roseboro notice advising the plaintiff of his rights and obligations regarding Defendant's Motion for Summary Judgment was sent to the plaintiff at his home address. (Doc. No. 33). The time for response has elapsed, and, despite being advised of the possible consequences, the plaintiff did not file a responsive brief. The motion is now ripe for review.